■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMILIANO ZAPATA, Appellant. [881 NYS2d 359]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Laura A. Ward, J.), rendered on or about March 22, 2007, and said appeal having been argued by counsel for the respective parties; and due deliberation having been had thereon, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Gonzalez, P.J., Tom, Mazzarelli, Andrias and Saxe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHARBU REDD, Appellant. [881 NYS2d 296]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered January 11, 2008, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree and criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to concurrent terms of eight years and five years, respectively, unanimously affirmed.

The court properly exercised its discretion in denying defendant's motion to withdraw his guilty plea without a hearing and without appointing new counsel. Defendant received a sufficient opportunity to present his assertions both in writing and at sentencing (*see People v Frederick*, 45 NY2d 520, 525 [1978]). The motion consisted of vague and conclusory allegations of innocence, lack of comprehension and ineffective assistance of counsel. The court was entitled to rely on the plea colloquy, which contradicted defendant's assertions. That counsel did not join in defendant's motion to withdraw his plea, and that counsel briefly responded to defendant's assertion that counsel had not discussed the plea with him, did not create a conflict of interest (*see e.g. People v Mangum*, 12 AD3d 207 [2004], *lv denied* 4 NY3d 765 [2005]).

We perceive no basis for reducing the sentence. Concur—Gonzalez, P.J., Tom, Mazzarelli, Andrias and Saxe, JJ.